People v Jamison (2021 NY Slip Op 03816)





People v Jamison


2021 NY Slip Op 03816


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Ind No. 13770/89 Appeal No. 14061 Case No. 2020-04244 

[*1]The People of the State of New York, Respondent,
v
Randolph Jamison, Defendant-Appellant.


Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Order, Supreme Court, New York County (Gilbert C. Hong, J.), entered on or about July 14, 2020, which summarily denied defendant's CPL 440.20 motion to set aside a sentence imposed on September 15, 1993, unanimously affirmed.
Defendant is not entitled to serve the sentence on his 1993 drug conviction concurrently with the sentence imposed on his 1991 murder conviction. Although a sentence not specified by the court to be consecutive is automatically concurrent (Penal Law § 70.25[1][a]), and the minutes of the 1993 sentencing (first ordered by defendant in 2009) have been lost, there is ample evidence that the court (Bonnie G. Wittner, J.) pronounced a sentence that was consecutive to the 1991 sentence. Sentencing minutes would normally be controlling if they existed, but here they do not exist. Accordingly, it is necessary to resort to other evidence of what was actually said by the sentencing court.
The record consistently demonstrates that the court ran the sentence for the 1993 drug offense consecutively to the 1991 sentence. The 1993 sentence and commitment sheet states that the sentence would run consecutively to the 1991 sentence, and the court worksheet contains a handwritten notation that 1993 sentence of 15 years to life was "[t]o run consecutively with the sentence imposed on [the 1991 offense]."
Furthermore, defendant must have known that his sentences were consecutive, because, in requesting resentencing on his 1993 conviction under the 2004 Drug Law Reform Act, he litigated the issue of whether the resentencing court could direct that this sentence be served concurrently with the sentence on the 1991 murder conviction. On November 9, 2007, Supreme Court (Wittner, J.) granted defendant's application to be resentenced to the extent of stating that it would resentence him to a 15 year determinate sentence for the 1993 drug offense, to run consecutively to his 1991 sentence. On appeal from the resentencing order, this Court affirmed and observed, "[t]o the extent defendant contends that the court abused its discretion in determining that his reduced sentence would remain consecutive to the term he is serving on a murder conviction, the argument is academic. The court lacked any authority under the 2004 DLRA to modify the sentence to run concurrently to the earlier sentence instead of consecutively" (63 AD3d 460 [1st Dept 2009] [emphasis added]). Like the notations on the sentence and commitment sheet and the worksheet, none of these references to consecutive sentences would have made any sense unless the court had actually pronounced a consecutive sentence in 1993.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021